# Supreme Court of Texas

No. 21-0955

Frank Thomas Shumate Jr. d/b/a F.T.S. Trucking,

*Petitioner*,

v.

Berry Contracting, L.P. d/b/a Bay, Ltd.,

*Respondent*

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

**PER CURIAM**

Berry Contracting, L.P. d/b/a Bay, Ltd. sued Frank Thomas Shumate, alleging that Shumate—conspiring with Bay employee Michael Mendietta—used Bay's materials and labor to provide unauthorized services to customers and enrich himself. After trial on the merits, a jury found in favor of Bay on all claims. Bay elected to recover on its Texas Theft Liability Act claim for which the jury awarded $896,090.47 in actual damages, $4,480,452.35 in exemplary damages, interest, and attorney's fees. In post-trial motions, Shumate asked the trial court to apply a settlement credit to reduce or eliminate the jury award on account of a settlement agreement between Bay and

Mendietta. The trial court refused and instead rendered judgment on the jury's verdict, less $25,000 for prior payments made by Shumate.

The court of appeals affirmed the trial court's judgment. The court held that Shumate was not entitled to a settlement credit because Bay's agreement with Mendietta was not, in fact, a settlement at all. ___ S.W.3d ___, 2021 WL 2978713, at *6 (Tex. App.—Corpus Christi–Edinburg July 15, 2021). The court of appeals also remarked that Shumate did not present evidence that a $1.9 million agreed judgment incorporated in that agreement had been fully satisfied or that Bay received "partial satisfaction of the judgment related to an indivisible injury." *Id.*

In *Bay, Ltd. v. Mulvey*, ___ S.W.3d ___, 2024 WL 874798 (Tex. Mar. 1, 2024), we construed the *same* agreement at issue in this case. We held it reflected a settlement in the amount of $1.9 million. *Id.* at *7. We further explained that the fact that the terms of the settlement allow for payments to be made in the future does not, alone, reduce the value of the settlement credit to be applied. *Id.* Because Shumate offered the settlement agreement and agreed judgment into the record at an appropriate time—and the settlement covers injuries for which Bay sued Shumate—Shumate is entitled to a settlement credit against the jury's verdict.

Accordingly, in light of our decision in *Mulvey* and without hearing oral argument, TEX. R. APP. P. 59.1, we grant Shumate's petition for review, reverse the court of appeals' judgment, and remand the case to the trial court. On remand, the trial court should determine the appropriate amount of the settlement credit to be applied; consider the

2

parties' arguments regarding the settlement credit's effect, if any, on the remainder of the relief to which Bay may be entitled; and render a new judgment.

**OPINION DELIVERED:** April 26, 2024